UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-9-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JONTAVEIS LATWAN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 85, 86). The Government opposes the motion.

## I.     BACKGROUND AND DISCUSSION

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act increased the threshold quantities of crack cocaine that would subject a defendant to particular mandatory-minimum sentences and eliminated the mandatory-minimum sentence that previously applied to simple possession of crack cocaine. 124 Stat. at 2372. Section 404(c) of the First Step Act makes clear that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

In April 2012, after the August 3, 2010, effective date of the Fair Sentencing Act, Defendant pleaded guilty to two counts of possessing with intent to distribute crack cocaine, 21

1

U.S.C. § 841(a)(1). (Doc. No. 3 at 2–3, Doc. 49 ¶¶ 1, 3). One of those offenses involved 22 grams of crack; the other involved 37 grams of crack. (Doc. No. 49 ¶¶ 9, 11). This Court sentenced Defendant in March of 2013 to 188 months in prison. (Doc. No. 59 at 2). Applying the Fair Sentencing Act, this Court determined that Defendant was subject to a statutory maximum sentence of 20 years for the 22-gram transaction and to a sentencing range of between 5 and 40 years in prison for the 37-gram transaction. (Doc. No. 49 ¶ 67; Doc. No. 60 at 1; see also 21 U.S.C. § 841(b)(1)(B) (2010) (providing for a statutory range of between 5 and 40 years in prison for an offense involving at least 28 but less than 280 grams of crack cocaine).

Defendant received the benefit of the lower statutory sentencing range applicable to a drug trafficking offense involving 28 grams of crack cocaine provided in the Fair Sentencing Act. Under section 404(c) of the First Step Act, therefore, he is not eligible for a reduction in his sentence.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 85, 86), is **DENIED**.

Signed: April 2, 2021

Max O. Cogburn Jr
United States District Judge